GEORGE HAZEN *vs.* ELBRIDGE WIGHT.

Cumberland.    Opinion February 19, 1895.

*Tenants in Common.    Trespass.    Servant.    R. S., c. 95, § 5.*

It is no defense to an action of trespass, *q. c.*, for cutting and carrying away wood and timber from land held in common and undivided, that the defendant was the servant or agent of the tenant occupying the premises, it appearing that the notice provided in R. S., c. 95, § 5, had not been given.

Whether a mere servant in such case, who acts in good faith and without knowledge of the illegality of his act, is liable for treble damages under the statute, *quære.*

ON REPORT.

The case appears in the opinion.

*George Hazen*, for plaintiff.
*J. C. Cobb*, for defendant.

SITTING : PETERS, C. J., WALTON, EMERY, HASKELL, WHITE-HOUSE, WISWELL, JJ.

WALTON, J.    This is an action of trespass *quare clausum fregit* for cutting and carrying away wood and timber.    The defendant justifies under the authority of one Sarah P. Wight. He says that she owned an undivided half of the land on which the wood and timber were cut, as a tenant in common with the plaintiff; and that, at the time of the cutting, she was living on the premises ; and that he cut the wood and timber under her authority and direction, and as her agent or servant; and he claims that these facts constitute a defense to the action,— that if the plaintiff has a cause of action against Mrs. Wight, he has none against him.

We do not think these facts constitute a defense to the action. It is agreed that the notice provided for in the R. S., c. 95, § 5, was not given ; and, without such a notice, Mrs. Wight had no authority to cut wood or timber upon the premises, and was herself a trespasser if she directed it to be cut, and an action of trespass *quare clausum fregit* would lie against her for so doing,

notwithstanding she was living upon the premises at the time, and was a tenant thereof in common with the plaintiff. *Maxwell* v. *Maxwell*, 31 Maine, 184, and *Mills* v. *Richardson*, 44 Maine, 79.

And, surely, if Mrs. Wight had no authority to cut wood or timber upon the premises, she could confer none upon her servant. A stream can never rise higher than its fountain; and a servant, as such, can never have greater authority than his employer. And if Mrs. Wight was a trespasser (as she undoubtedly was) in directing the wood and timber to be cut, clearly the defendant was also a trespasser in executing her command. And, as an action of trespass *quare clausum fregit* would lie against her, we fail to perceive any reason why a similar action will not lie against him. We think it will.

In an action against Mrs. Wight, the plaintiff would be entitled to recover treble damages. The statute cited so provides. But whether a mere servant, who acts in good faith, and without any knowledge of the illegality of his act, should be held liable for the penal portion of such damages, is a question which we do not find it necessary to decide; for, in this suit, only single damages are claimed. And, as the case is made up, we fail to find any proof or admissions of the extent of the plaintiff's injury. Under these circumstances, we think he must be content with nominal damages.

*Judgment for plaintiff. Damages assessed at one dollar.*